### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHAMPAIGN BUILDERS SUPPLY CO., | ) | No. 15-23220 |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |

### COVER SHEET TO FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of Champaign Builders Supply Company |
| Date of Retention: | September 2, 2015 retroactive to August 14, 2015 |
| Period for Which Compensation is Sought: | August 14, 2015 through October 31, 2018 |
| Amount of Fees Sought: | $67,842.50 |
| Amount of Expense Reimbursement Sought: | $380.00 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHAMPAIGN BUILDERS SUPPLY CO., | ) | No. 15-23220 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | **Hearing Date:   December 18, 2018** |
| | ) | **Hearing Time:  10:00 a.m.** |
| | ) | **Room No.:      613** |

<u>**NOTICE OF APPLICATION**</u>

PLEASE TAKE NOTICE THAT on **December 18, 2018**, at **10:00 a.m.**, we shall appear before the Honorable Deborah L. Thorne, or such other judge as may be sitting in her stead, in Courtroom 613 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **First and Final Fee Application of FrankGecker LLP, Counsel to Frances Gecker, Chapter 7 Trustee of the Estate of Champaign Builders Supply Co.**, a copy of which is attached hereto and hereby served upon you.

Dated:  November 16, 2018                    Respectfully submitted,

                                                      FRANCES GECKER, solely as Chapter 7 Trustee
of the estate of CHAMPAIGN BUILDERS
SUPPLY COMPANY

                                                By:     */s/  Micah R. Krohn*
                                                     One of her attorneys

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
mkrohn@fgllp.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHAMPAIGN BUILDERS SUPPLY | ) | No. 15-23220 |
| COMPANY, | ) | |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |

### FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
### COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Champaign Builders Supply Company (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 507(a)(1) for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing August 14, 2015 through and including October 31, 2018 (the "Application Period"). In support hereof, FG respectfully represents as follows:

### INTRODUCTION

1. On July 7, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. The Trustee is the Chapter 7 trustee of the Debtor's estate.

2. On September 3, 2015, the Court entered order authorizing the Trustee to employ FG as her attorneys retroactive to August 14, 2015 [Dkt. No. 18].

3. Since her appointment, FG has assisted the Trustee in her investigation and liquidation of the Debtor's estate, including investigating and settling claims against the Debtor's insiders, settling a pre-petition lawsuit against a supplier, pursuing and collecting several accounts receivables, and the settling a number of claims filed against the estate.

{CHAMP/001/00048210.DOCX/}

4.      Ultimately, after FG analyzed potential fraudulent transfers, the Trustee determined that the only viable claim against insiders was on account of an unpaid note receivable against the Debtor's former shareholder, Gloria W. Blager, which the Trustee settled, pursuant to this Court's authorization, for $55,000 [Dkt. No. 39]. The Trustee recovered an additional $28,200 in lease overpayments to an affiliate of Ms. Blager.

5.      FG investigated and recovered accounts receivables totaling $66,096, including settlement of the Debtor's prepetition breach of contract lawsuit against Imperial Concrete Company, Inc. and United Parcel Service, Inc., which the Trustee settled, pursuant to this Court's authorization, for $40,000 [Dkt. No. 34].

6.      In addition, among other things, FG responded to multiple inquiries and discovery requested by Lehigh Cement Company, LLC and the National Labor Relations Board, negotiated reductions of more than $750,000 in the claims filed by each of those parties, and assisted the Trustee in the sale of certain vehicles.

## I.      SERVICES PERFORMED

### A.      Administrative                                $8,097.50

Counsel spent 19.10 hours at a cost of $8,097.50 on case administrative matters, including communications regarding the production of documents and other information requested by certain creditors, communications with the Trustee's accountant regarding tax issues, and the abandonment of the estate's interest in a restitution award against the Debtor's former bookkeeper.

### B.      Asset Investigation                          $15,990.00

Counsel spent 37.40 hours at a cost of $15,990.00 investigating potential assets of the estate other than the claims against insiders, described separately below. Among other things, FG assisted the Trustee in recovering $66,096 in settlement of a breach of contract lawsuit against Imperial Concrete and United Parcel Service, and other accounts receivables owing to the Debtor.

### C.   Claims Against Insiders                                        $21,230.00

Counsel spent 49.80 hours at a cost of $21,230.00 investigating potential fraudulent

transfer and other claims against the Debtor's former insiders, particularly the Debtor's former

shareholder, Gloria M. Blager. FG reviewed thousands of pages of documents produced by Ms.

Blager and the Debtor, Michael Carney, CPA (the Debtor's accountant), First Financial Bank (the

Debtor's primary lender), Lehigh Cement Company, LLC and the NLRB. After Counsel's review

and analysis of several transactions potentially giving rise to estate claims, ultimately the Trustee

determined that the only viable claim against Ms. Blager was in connection with an unpaid note

receivable, which the Trustee settled for $55,000.

### D.   Court Appearances                                             $3,649.50

Counsel spent 8.10 hours at a cost of $3,649.50 preparing for and attending court hearings

on the motions to employ counsel, Trustee's accountant and motion to sell assets.  Counsel also

prepared and attended hearings on settlements with Imperial Concrete, Inc., United Parcel Service

and the Estate of Gloria Blager.  Additionally, counsel prepared for and attended hearings on the

application of the Trustee's accountant for compensation and reimbursement of expenses, the

objection to the Claim No. 8 of the Internal Revenue Service and the Trustee's Final Report.

### E.   Review of Claims                                              $11,528.50

Counsel spent 26.20 hours at a cost of $11,528.50 reviewing and settling claims filed

against the estate. Among other things, FG negotiated a reduction of nearly $750,000 in the claim

asserted against the estate by the NLRB.

### F.   Retention of Professionals/Fee Applications                   $6,645.00

Counsel spent 23.50 hours at a cost of $6,645.00 preparing and filing motions to employ

FG as the Trustee's counsel and Alan D. Lasko and Associates as the Trustee's accountant.  Time

in this category also includes time spent preparing this first and final application for compensation and reimbursement of expenses.

### G.    Sale of Assets                                        $702.00

Counsel spent 1.90 hours at a cost of $702.00 in connection with the sale of a 2011 GMC Terrain and a 2007 Lincoln Town Car (the "Automobiles"). The Debtor's sole shareholder, Ms. Gloria Blager purchased the Automobiles for the sum of $13,000. Counsel coordinated the sale of the Automobiles and payoff of a secured lien held by Chase Auto Finance with respect to the 2011 GMC Terrain.

## II.    ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

A.    Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B.    Christina S. Smith (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

B.    Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

## III.    CALCULATION OF TIME AND FEES

7.    This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from August 14, 2015 to and including October 31, 2018. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the

Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

8.      As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of 166.00 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $67,842.50 for actual, necessary legal services performed, as itemized in Exhibit A. The blended hourly rate is $346.00. Additionally, counsel has expended the sum of $380.00 for actual, necessary expenses incurred in representing the Trustee, as itemized on page 28 of Exhibit A.

9.      In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

10.      FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. FG does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses

billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

11.     No compensation has been promised to counsel other than as disclosed or approved by this Court. FG certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.      Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $67,842.50;

B.      Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $380.00;

C.      Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $68,222.50; and

D.      Granting such other relief as the Court deems just and equitable.

Dated: October 31, 2018                    Respectfully submitted,

FRANKGECKER, LLP

By:    /s/ *Micah R. Krohn*

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035
mkrohn@fgllp.com

{CHAMP/001/00048210.DOCX/}                    6